**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL SCHENCK, AS EXECUTOR FOR THE ESTATE OF CHARLETTE SCHENCK, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF ENVIRONMENTAL PROTECTION, <br><br> Defendant. | Case No. 22-00065 (SDW)(LDW) <br><br><br> **WHEREAS OPINION** <br><br><br> May 6, 2022 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Defendant the New Jersey Department of Environmental Protection's ("Defendant" or "NJDEP") Motion to Dismiss (D.E. 5) Plaintiff Daniel Schenck, as Executor for the State of Charlette Schenck's ("Plaintiff") Complaint (D.E. 1) ("Compl.")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1); and

**WHEREAS** Plaintiff, a New Jersey resident, filed a Complaint against Defendant, a New Jersey state agency, alleging one count of common law negligence under New Jersey state law asserting, *inter alia*, that Defendant breached its duty owed to Plaintiff in failing to timely process Plaintiff's application for government financial assistance due to a declared national disaster. (Compl. ¶¶ 27-31.); and

**WHEREAS** Defendant moved to dismiss the Complaint on the grounds that this Court lacks subject matter jurisdiction over the Complaint because (1) Plaintiff has not properly invoked the Court's jurisdiction under 28 U.S.C. § 1331 or 28 U.S.C. § 1332 and (2) even if jurisdiction

was properly invoked, Defendant, a New Jersey state agency, is entitled to sovereign immunity under the Eleventh Amendment (*See generally* D.E. 5); and

**WHEREAS** a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) by challenging jurisdiction facially or factually. *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial challenge to subject-matter jurisdiction "considers a claim on its face and asserts that it is insufficient to invoke subject-matter jurisdiction of the court because, for example, it does not present a question of federal law …" *Id.* at 358. In contrast, a factual challenge "is an argument that there is no subject-matter jurisdiction because the facts of the case ... do not support the asserted jurisdiction." *Id.* In analyzing a facial challenge, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto ...." *Constitution Party of Pennsylvania*, 757 F.3d at 348 (citing *In re Schering Plough Corp. Intron*, 678 F.3d at 243). Whereas in considering a factual challenge to subject-matter jurisdiction, the court "may look beyond the pleadings to ascertain the facts." *Constitution Party of Pennsylvania*, 757 F.3d at 348. Furthermore, in considering a factual challenge to subject matter jurisdiction, "the plaintiff's allegations enjoy no presumption of truthfulness, and [the plaintiff] bears the burden of establishing jurisdiction." *Meehan v. Taylor*, No. CIV. 12–4079, 2013 WL 4517943, at *2 (D.N.J. Aug. 26, 2013) (first citing *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008); then citing *Mortensen v. First Fed. Sav. Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977)); and

**WHEREAS** a District Court has original jurisdiction over cases involving federal questions or diverse parties. *See* 28 U.S.C. §§ 1331, 1332. Pursuant to Section 1331, federal question jurisdiction exists where a claim arises under the Constitution, laws, or

treaties of the United States.  28 U.S.C. § 1331.  Pursuant to Section 1332, diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) [c]itizens of different States; (2) citizens of a State and citizens or subjects of a foreign state …" 28 U.S.C. § 1332(a)(1) – (2).  The United States Supreme Court has interpreted 28 U.S.C. § 1332 to require complete diversity at the time the suit is filed. *Dole Food Co. v. Patrickson,* 538 U.S. 468, 478, 123 S.Ct. 1655, 155 L.Ed.2d 643 (2003).  To satisfy the requirement of complete diversity, none of the plaintiffs may be a citizen of the same state as any of the defendants. 28 U.S.C. § 1332; *State Farm Fire & Cas. Co. v. Tashire,* 386 U.S. 523, 531, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967); and

**WHEREAS** Defendant alleges that this Court lacks subject matter jurisdiction over the Complaint because Plaintiff has not properly invoked the Court's jurisdiction under 28 U.S.C. § 1331 or 28 U.S.C. § 1332. (D.E. 5 at 4-6.)  The Court finds that Plaintiff has failed to satisfy either statute.  (*See* Compl. ¶¶ 29-31.)  The Complaint has not alleged the violation of any constitutional provision, law, or treaty of the United States because the sole count in Plaintiff's Complaint is a common law negligence claim brought under New Jersey state law.  (*See id.*)  Furthermore, Plaintiff has failed to invoke diversity jurisdiction because all parties to the action are citizens of New Jersey. (*Id.* at ¶¶ 1, 5-6.)  Plaintiff is a citizen of New Jersey and Defendant is a New Jersey state agency.  (*Id.*)  As a result, this Court lacks jurisdiction over the Complaint because neither federal question jurisdiction nor diversity jurisdiction has been invoked by the Plaintiff; and

**WHEREAS** Defendant alleges that this Court lacks subject matter jurisdiction over the Complaint because the Defendant is subject to New Jersey's Sovereign immunity under the Eleventh Amendment to the United States Constitution (D.E. 5 at 6-9); and

3

**WHEREAS** the Eleventh Amendment to the United States Constitution prohibits "suits brought in federal courts by [a State's] own citizens as well as by citizens of another state" against the State. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The principle of sovereign immunity is a constitutional limitation on the federal judicial power established in Article III, § 2 of the Constitution rendering non-consenting States immune from suits brought in federal courts by private parties. *Id.* at 98-101. Importantly, the Eleventh Amendment "encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997). The Eleventh Amendment applies to "suits against subunits of the State." *Haybarger v. Lawrence County Adult Probatiom and Parole*, 551 F.3d 193, 198 (3d Cir. 2008) (citing *Pennhurst State School & Hosp.*, 465 U.S. at 100). Thus, "a suit may be barred by the Eleventh Amendment even though a State is not named a party to the action, so long as the State is deemed to be the real party in interest." *Haybarger v. Lawrence County Adult Probatiom and Parole*, 551 F.3d at 197-198 (citing *Regents of the University of California*, 519 U.S. at 429). A sovereign's immunity may be waived where the State's consent is "unequivocally expressed." *Id.* at 99; and

**WHEREAS** the Eleventh Amendment immunity is subject to three primary exceptions: "(1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law." *Pennsylvania Federation of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002); and

**WHEREAS** this Court finds that Defendant, a New Jersey State agency, is subject to New Jersey's sovereign immunity under the Eleventh Amendment because Defendant has not consented

4

to suit in this jurisdiction and Plaintiff has not pled any exceptions to Defendant's immunity under the Eleventh Amendment. (*See generally* Compl.) As a result, this Court lacks subject matter jurisdiction over the Complaint because the Defendant is subject to New Jersey's Sovereign immunity under the Eleventh Amendment.

Accordingly, for the reasons set forth above, Defendant's Motion to Dismiss (D.E. 5) is **GRANTED**. Plaintiff's Complaint is **DISMISSED** *with prejudice.* An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        Leda D. Wettre, U.S.M.J.